# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF TENNESSEE
# NASHVILLE DIVISION

| | |
|---|---|
| RALINDA BROOKS and ANTHONY BROOKS, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 3:17-00953 |
| ) | Judge Aleta A. Trauger |
| FIRST FRANKLIN FINANCIAL CORP., et al., ) | |
| ) | |
| Defendants. ) | |

## MEMORANDUM & ORDER

Before the court is an Objection (Docket No. 35) to the magistrate judge's Report and Recommendation issued on April 13, 2018 (Docket No. 34), filed by pro se plaintiffs Ralinda and Anthony Brooks. The magistrate judge recommends that the plaintiffs' claims be dismissed. Defendants U.S. Bank National Association ("U.S. Bank") and Nationstar Mortgage, LLC ("Nationstar") (collectively, "Defendants") have filed a Response to the plaintiffs' Objection (Docket No. 36).

When a magistrate judge issues a Report and Recommendation regarding a dispositive pretrial matter, the district court must review *de novo* any portion of the report and recommendation to which an objection is made. Fed. R. Civ. P. 72(b); 28 U.S.C. § 636(b)(1)(C); *United States v. Curtis*, 237 F.3d 598, 603 (6th Cir. 2001); *Massey v. City of Ferndale*, 7 F.3d 506, 510 (6th Cir. 1993). In conducting its review, the district court "may accept, reject, or modify the recommended disposition; receive further evidence; or return the matter to the magistrate judge with instructions." Fed. R. Civ. P. 72(b)(3).

1

The plaintiffs brought this suit against a host of defendants, alleging various federal and state law claims following the foreclosure and subsequent sale of the plaintiffs' house.[1] This suit is the third legal action the plaintiffs have brought regarding the house. On October 14, 2014, Ralinda Brooks filed a pro se complaint in the Chancery Court for Davidson County, Tennessee ("Chancery Court") against three defendants, including Nationstar. She sought to halt a foreclosure sale, alleging that the deed of trust had not been properly recorded, amongst other legal deficiencies. The Chancery Court judge dismissed Nationstar and another defendant with prejudice on March 11, 2015. Ralinda Brooks did not appeal the dismissal of the Chancery Court case. During the pendency of the Chancery Court case, U.S. Bank purchased the house at a foreclosure sale, but Mr. and Mrs. Brooks did not vacate the house, and U.S. Bank filed a detainer warrant against them in the General Session Court for Davidson County, Tennessee ("General Session Court") on August 19, 2015. The General Sessions Court granted U.S. Bank possession of the house on October 2, 2015. Defendant Maria Dongas, who purchased the house from U.S. Bank, filed a separate detainer warrant in the General Session Court seeking a judgment against Mr. and Mrs. Brooks for possession of the house.

Ralinda Brooks appealed the judgment in favor of U.S. Bank to the Davidson County Circuit Court ("Circuit Court"). The Dongas' detainer action was then transferred to the Circuit Court and consolidated with the action brought by U.S. Bank. On March 22, 2016, the Circuit Court granted U.S. Bank's motion to dismiss the appeal. The Circuit Court found that the Brookses' claims on appeal were barred by res judicata and collateral estoppel, due to the Chancery

---

[1] As the magistrate judge notes, "[a]lthough specific causes of action are not clearly set out by Plaintiffs, they style the complaint as a 'complaint for wrongful foreclosure' and set out in the body of the complaint a variety of assertions of wrongdoing by Defendants . . . ." (Docket No. 34 at 5.)

2

Court case, and that the foreclosure sale was valid. The court extinguished the right to title or possession of the house by Mr. and Mrs. Brooks. The Circuit Court entered judgment for possession in favor of U.S. Bank and Maria Dongas and ordered Mr. and Mrs. Brooks to vacate and relinquish the house by March 31, 2016. Maria Dongas obtained possession of the house on July 12, 2016.

The plaintiffs filed a pro se appeal of the Circuit Court decision to the Tennessee Court of Appeals ("Court of Appeals"), which reversed in part, affirmed in part, and vacated in part. The Court of Appeals affirmed the Circuit Court judgment in favor of U.S. Bank as it pertained to Anthony Brooks, because he had not signed the appeal from the General Sessions Court. As to all other matters, the Court of Appeals found that it could not consider the merits of the appeal because the Circuit Court had failed to make necessary evidentiary determinations as to whether U.S. Bank and Maria Dongas were entitled to the house. The case was remanded to the Circuit Court to make a determination, based upon appropriate evidence, as to: (1) U.S. Bank's detainer warrant against Ralinda Brooks; and (2) Dr. Dongas' detainer warrant action against both Ralinda and Anthony Brooks. The Circuit Court granted summary judgment to U.S. Bank and Maria Dongas on September 11, 2017. The Circuit Court found that the undisputed facts demonstrated that: (1) U.S. Bank and Maria Dongas were entitled to judgment for possession of the house; (2) the plaintiffs' objections to the foreclosure on the house were without merit and were barred by the doctrines of res judicata and collateral estoppel; and (3) the foreclosure sale was valid, and the plaintiffs had no right to title or possession of the house. The plaintiffs did not appeal the Circuit Court judgment.

The magistrate judge recommends dismissal of all of the plaintiffs' claims on various grounds. The plaintiffs raise a host of objections to the magistrate's recommendation. The plaintiffs first object to the assignment of their case to a magistrate judge. "Consent of the parties

is not required for a Magistrate Judge to rule on nondispositive matters or to submit a report and recommendation on a dispositive matter to a District Judge." *Hananiah v. Shelby County Gov't*, No. 12-3074-JDT/tmp, 2014 U.S. Dist. LEXIS 168797, at *2-3 n.2 (W.D. Tenn. Nov. 14, 2014) (citing 28 U.S.C. § 636(b)(1)(B)-(C)). The plaintiffs' objection is overruled.

The plaintiffs next object to the magistrate judge's finding that the court does not have subject matter jurisdiction over the plaintiffs' claims seeking to invalidate decisions made by the state courts regarding foreclosure. The magistrate judge found, correctly, that the court lacks jurisdiction to review state court judgments, pursuant to *Dist. of Columbia Court of Appeals v. Feldman*, 460 U.S. 462 (1983) and *Rooker v. Fidelity Trust Co.*, 263 U.S. 413 (1923). The plaintiff's specific objection is that the magistrate judge failed to find jurisdiction on the grounds of deprivation of due process guaranteed by the Fifth and Fourteenth Amendments. The plaintiffs claim their due process rights were violated because they were never granted an "evidentiary trial in any court for foreclosure procedure." (Docket No. 35 at 2.) Under *Rooker* and *Feldman*, the court cannot review state court decisions: if the plaintiffs' constitutional rights were violated in their state court proceedings, a state appellate court is the appropriate venue for recourse. Regardless, the court observes that plaintiffs have suffered no deprivation of due process. The Circuit Court made factual findings and granted summary judgment against the plaintiffs, obviating the need for trial. The constitutional requirements of due process were fully satisfied by the plaintiffs' state court proceedings. The magistrate judge was correct that this court lacks jurisdiction to review the Circuit Court's judgment. The plaintiffs' objection is overruled.

The plaintiffs also object on the ground that the magistrate judge failed to consider a federal cause of action for fraud and false statements, which the plaintiffs purport to bring via 18 U.S.C. § 1005, which criminalizes fraudulent bank entries, reports, and transactions. 18 U.S.C. § 1005 is

4

a criminal statute and does not confer a private right of action for fraud. The plaintiffs' objection is without merit.

The plaintiffs raise two objections to the magistrate judge's determination that the plaintiffs' state law claims regarding foreclosure are barred by *res judicata*. First, the plaintiffs object that the magistrate judge mischaracterizes the state court rulings because, according to the plaintiffs, those rulings did not determine that the foreclosure sale was valid. The plaintiffs misread the Circuit Court opinion granting summary judgment to the Defendants. (*See* Docket No. 33-1 at 8) ("The Court further finds that the foreclosure sale occurring on October 16, 2014 . . . [was] valid and proper."). The plaintiffs also object that, because "no court has reviewed this case by the elements for valid foreclosure or wrongful foreclosure" (Docket No. 35 at 5), a finding of *res judicata* is improper. The plaintiffs' argument, as the court understands it, is that the state court judgments should not have preclusive effect because those proceedings did not involve an explicit analysis of the elements for wrongful foreclosure. This is merely a procedural byproduct of the complicated litigation path the plaintiffs have taken to this point. The Chancery Court found against the plaintiffs on the very issues that the plaintiffs would later plead as factual support for their wrongful foreclosure claim: the validity of the assignment of the deed of trust and the standing of the lender or loan servicer to foreclose. The Circuit Court subsequently found that the plaintiffs were collaterally estopped from re-litigating these issues and thus entered summary judgment for the defendants, without conducting an element-by-element analysis of the plaintiffs' wrongful foreclosure claim. The magistrate judge applied the proper standard for *res judicata* under Tennessee law, which requires a finding that "both proceedings involved the same cause of action." *Gerber v. Holcomb*, 219 S.W.3d 914, 917 (Tenn. Ct. App. 2006). The magistrate judge correctly concluded that "[t]he arguments raised by Plaintiffs in their responses . . . simply do not rebut the

preclusive effect of the prior judgments in the Chancery and Circuit Courts [sic] Cases and the application of *res judicata* to the instant lawsuit." (Docket No. 34 at 15) (emphasis added).) The plaintiffs' objections are without merit.

Finally, the plaintiffs object on the grounds that the magistrate judge erred by failing to address a purported claim for wrongful eviction. Specifically, the plaintiffs object that they are entitled to damages for the period between the remand of their case by the Court of Appeals and the subsequent grant of summary judgment against them by the Circuit Court. (*See* Docket No. 35 at 5) ("When the eviction was reversed and vacated by the TN Appellate Court. The plaintiffs should have been made whole, in the timeframe (July 12, 2015 to September 11, 2017)".) The plaintiffs misunderstand the legal effect of the Court of Appeals' ruling, which merely remanded the case for further factual findings. Those findings, made by the Circuit Court, do not support a claim for wrongful eviction. The plaintiffs are thus collaterally estopped from bringing such a claim in this court.

For these reasons, the plaintiffs' objections are **OVERRULED**, and the Report and Recommendation is **ACCEPTED** and made the findings of fact and conclusions of law of this court. For the reasons expressed therein and herein, it is hereby **ORDERED** that the Defendants' Motion to Dismiss is **GRANTED**, and the plaintiffs' claims are **DISMISSED WITH PREJUDICE**.

It is so ORDERED.

ENTER this 18th day of June 2018.

_____
ALETA A. TRAUGER
United States District Judge